# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. HUGLER,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>J. NANOUH, INC., a corporation, d/b/a EXETER<br>FAMILY RESTAURANT; and<br>MICHAEL J. NANOUH, individually, and as a manager<br>and corporate officer of the aforementioned corporation,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin J. NANOUH, INC., a corporation, d/b/a EXETER FAMILY RESTAURANT, and MICHAEL J. NANOUH, individually, and as a manager and corporate officer of the aforementioned corporation (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

　　　　1.　　Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

　　　　2.　　Defendant J. NANOUH, INC., d/b/a EXETER FAMILY RESTAURANT, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a

registered office at 4800 Perkiomen Avenue, Reading, PA, 19608. Defendant is engaged in a full-service restaurant business at the same address, within the jurisdiction of this court.

3.  Defendant Michael J. Nanouh ("Mr. Nanouh) is Vice-President of Operations of Exeter Family Restaurant. Mr. Nanouh has acted as a manager, directed employment practices, and has directly or indirectly acted in the interest of Exeter Family Restaurant in relation to its employees at all relevant times herein, including hiring and firing employees, setting employees' schedules, pay rates, and methods of compensation, and supervising employees on a day-to-day basis. Mr. Nanouh is therefore an employer of said employees within the meaning of Section 3(d) of the Act.

4.  Defendants' business activities, as described, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5.  Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees have been and are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6.  Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing certain servers and chefs in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the

applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act. For example, during the time period from at least August 8, 2014, through at least August 7, 2016, Defendants improperly imposed the cost of uniforms upon certain employees, reducing their wage below the minimum standard. During this same time period, minimum wage violations also occurred when servers were paid less than the federal $2.13 per hour minimum wage rate for tipped employees, and when a chef was paid less than the federal $7.25 per hour minimum wage rate, during certain workweeks.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act. For example, during the time period from at least August 8, 2014, through at least August 7, 2016, Defendants failed to compensate certain employees, including certain servers and chefs, who worked over 40 hours in a workweek one and one-half times their regular rate. Workweeks for many of these employees ranged from approximately 44 to 55 hours, but these employees did not receive time and one-half their regular rate for their overtime hours.

8. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to maintain employee time records for two years and

failed to record the accurate amount of hours worked on payroll records for three employees. 29 C.F.R. §§ 516.2(a); 516.5; and 516.6.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of August 8, 2014, through August 7, 2016, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after August 7, 2016, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        Nicholas C. Geale
        Acting Solicitor of Labor

        Oscar L. Hampton III
        Regional Solicitor

        By: John A. Nocito
        PA ID#87973
        Office of the Solicitor, Region III
        Suite 630 East, The Curtis Center
        170 South Independence Mall West
        Philadelphia, PA 19106-3306
        (215) 861-5135
        (215) 861-5162 (fax)
        Nocito.John@dol.gov

        U.S. DEPARTMENT OF LABOR

        Attorneys for Plaintiff